934 So.2d 162 (2006)
STATE of Louisiana
v.
Donald S. PHILLIPS, Jr.
No. 2005 KA 1338.
Court of Appeal of Louisiana, First Circuit.
March 29, 2006.
*163 Richard J. Ward, Jr., District Attorney, Becky L. Chustz, Assistant District Attorney, Port Allen, for State of Louisiana.
Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, for Defendant-Appellant Donald S. Phillips, Jr.
Before: PARRO, McDONALD, and HUGHES, JJ.
PARRO, J.
The defendant, Donald S. Phillips, Jr., was charged by grand jury indictment with: one count of attempted simple burglary (count I), a violation of LSA-R.S. 14:27 and 62; one count of simple burglary (count II), a violation of LSA-R.S. 14:62; one count of aggravated rape (count III), a violation of LSA-R.S. 14:42(A); one count of aggravated burglary (count IV), a violation of LSA-R.S. 14:60; one count of armed robbery (count V), a violation of LSA-R.S. 14:64; and one count of possession of a firearm after being convicted of forcible rape (count VI), a violation of LSA-R.S. 14:95.1. On August 4, 2003, he was arraigned and pled not guilty on all counts.
On November 4, 2003, the trial court ordered that a sanity commission examine the defendant and report its findings to the court. On March 2, 2004, following a hearing, the trial court found the defendant competent to stand trial. On May 4, 2004, on motion of the state, the court continued the trial of motions to June 2, 2004. On May 7, 2004, the state gave notice of intent to use a certificate of analysis.[1] On May 12, 2004, the defendant provided the state with notice of his intent to file an ex parte motion for funds for expert witnesses and filed an ex parte motion for funds for expert witnesses. In the motion, the defendant alleged he was indigent and, in order to prepare for trial, he needed the services of experts in the fields of psychiatry, psychology, and DNA evidence. The motion was denied as untimely. Thereafter, the state dismissed *164 counts I, II, IV, V, and VI, and amended count III to one count of forcible rape, a violation of LSAR.S. 14:42.1. Pursuant to a plea agreement, the defendant pled guilty to count III, as amended, reserving his right to seek review of the court's ruling on his ex parte motion for funds pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced, pursuant to the plea agreement, to thirty years of imprisonment at hard labor. He now appeals, designating one counseled assignment of error. We vacate the guilty plea and sentence and remand with instructions.

FACTS
Due to the defendant's guilty plea, there was no trial, and thus, no trial testimony concerning the facts of count III. Additionally, the state did not set forth a factual basis for count III at the Boykin hearing. The indictment returned against the defendant indicated that count III was committed on May 11, 2003.

MOTION FOR FUNDS TO RETAIN EXPERTS
In his sole assignment of error, the defendant contends the trial court erred in denying his motion for funds for expert witnesses. He argues the trial court's ruling denied him the opportunity to show that his motion was timely, given the late filings of the sanity commission report, the crime lab report, the state's notice of intent to use the crime lab report, and the request by the state to continue the hearing on motions until the following month.
Louisiana Code of Criminal Procedure article 561 provides:
The defendant may withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity," within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial.
Louisiana Code of Criminal Procedure article 650, in pertinent part, provides:
When a defendant enters a combined plea of "not guilty and not guilty by reason of insanity," the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant's present mental capacity to proceed.
Louisiana Code of Criminal Procedure article 651, in pertinent part, provides:
When a defendant is tried upon a plea of "not guilty", evidence of insanity or mental defect at the time of the offense shall not be admissible.
Louisiana Code of Criminal Procedure article 521 provides:
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.
An indigent defendant may file a motion for expert funding ex parte. Notice of the filing of the motion should be given to the state, which may file an opposition to the hearing being held ex parte and/or to the request for funding. The trial court should first determine, in camera, either on the face of the allegations of the motion or upon taking evidence at an ex parte hearing, whether the defendant would be prejudiced by a disclosure of his defense at a contradictory hearing. If so, *165 then the hearing on expert funding should continue ex parte. If not, then the hearing should be held contradictorily with the district attorney. If either side seeks appellate review of a ruling as to the ex parte nature of the hearing, the motion and other proceedings to this point should remain under seal until the appellate review is completed, and thereafter if the ruling is in favor of an ex parte hearing. State v. Touchet, 93-2839 (La.9/6/94), 642 So.2d 1213, 1221.
At the hearing on expert funding, whether ex parte or contradictory, the defendant must first show a need for the funding. The defendant must show with a reasonable degree of specificity what type of expert is needed and for what purpose. In other words, the indigent defendant requesting governmental funding for the securing of expert assistance must show that it is more likely than not that the expert assistance will be required to answer a serious issue or question raised by the prosecution's or defense's theory of the case. If the defendant meets this burden, then the court is to order that the funds be provided by the state. If the defendant fails to meet this burden, and the proceedings were held ex parte, both the written reasons for denial and the record of the proceedings are to remain under seal during the pendency of the defendant's prosecution, including appellate review. Touchet, 642 So.2d at 1221-22.
In the instant case, the defendant alleged a need for funding for two separate categories of experts. He requested funding for a DNA expert to address the state's DNA evidence. He also requested funding for experts in the fields of psychiatry and psychology to investigate an insanity defense.
There was no abuse of discretion by the trial court in denying the request for funding for psychiatric and psychological experts. Absent a change of plea from "not guilty" to "not guilty and not guilty by reason of insanity," the motion for funding for psychiatric and psychological experts was premature. See LSA-C.Cr.P. arts. 561, 650, and 651. The record indicates the defendant failed to move to change his plea to "not guilty and not guilty by reason of insanity" prior to requesting funding for psychiatric and psychological experts.
In regard to the request for funding for a DNA expert, however, the trial court abused its discretion in denying the motion as untimely. The defendant's written motion and supporting brief, setting forth that he needed the services of a DNA expert, were filed less than one week after the state gave notice of intent to use the certificate of analysis at trial. Further, given the findings of the certificate of analysis (regarding DNA test results), we find the defendant's motion met the required showing of good cause under Article 521. Our decision is not that the defendant is automatically entitled to the requested DNA expert, but only that, given the particular expert requested in the defendant's motion, a hearing was warranted to address the merits of the motion.
Accordingly, the guilty plea and sentence on count III are vacated and this case is remanded to the trial court to address the defendant's ex parte motion for funds for a DNA expert in accordance with Touchet, 642 So.2d 1213. If the trial court determines that the defendant is entitled to funding for a DNA expert, the defendant must be given the opportunity to go to trial or to plead anew. Otherwise, we reserve to the defendant the right to timely appeal any adverse ruling in regard to his motion for funds for a DNA expert.[2]
*166 This assignment of error has merit in part.
GUILTY PLEA AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The scientific analysis report attached to the motion was stamped received on May 3, 2004, and indicated the DNA profile of a hair from the defendant's pubic hair combings was consistent with the DNA profile of the victim.
[2] If the defendant is again sentenced for forcible rape, at least two years of the sentence imposed should be imposed without benefit of probation, parole, or suspension of sentence. See LSA-R.S. 14:42.1(B).